MOTOR CARRIERS LABOR
ADVISORY COUNCIL, et
al., Plaintiffs,

v.

TRUCKING MANAGEMENT, INC., et
al., Defendants.

Civ. A. No. 86–4562.

United States District Court,
E.D. Pennsylvania.

Jan. 11, 1990.

Robert J. Bray, Jr., Philadelphia, Pa., for plaintiffs.

Francis M. Milone, Philadelphia, Pa., for defendants.

1. Defendants Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Health and Welfare Fund, William Baum, Vincent R. Dagen, James L. Burns and John P. Kleinfelter.

2. For a detailed discussion of the facts and history of this case, see *Motor Carriers Labor*

J. Kittredge Fegley, Reading, Pa., for both funds and trustees.

## MEMORANDUM

HUYETT, District Judge.

The defendant Funds and their Trustees [1] have filed a motion to strike plaintiffs' jury demand.

The Fund defendants and their Trustees argue that the remaining claims in this case arise under section 502(a)(2), 29 U.S.C. § 1132(a)(2), and section 409(a), 29 U.S.C. § 1109(a), of the Employment Retirement Income Security Act [ERISA]. The defendants also contend that plaintiffs' remaining claims in Counts VIII, IX and X are equitable in nature and, therefore, the individual employee plaintiffs are not entitled to a trial by jury.[2] In response, plaintiffs candidly admit that "the right to a jury trial under ERISA is closely circumscribed." Plaintiffs' Brief in Opposition to Motion to Strike Jury Demand, p. 2. However, plaintiffs argue that the Third Circuit has not precluded the availability of a jury trial in situations where the claims brought pursuant to section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), of ERISA are legal in nature. Plaintiffs contend that the remaining claims are of a legal nature, at least in part, and that they fall within the scope of section 502(a)(1)(B).

ERISA does not provide for the right to a jury trial. *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 393 (3d Cir.1988); *Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46 (3d Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986). Nor does the Seventh Amendment of the United States Constitution create a constitutional right to a jury trial when the claims and remedies are equitable in nature. *Pane v. RCA Corp.*, 868 F.2d 631, 635–36 (3d Cir. 1989); *Cox*, 861 F.2d at 393. The legislative history on the right to a jury trial

*Advisory Council v. Trucking Management, Inc.*, 711 F.Supp. 216 (E.D.Pa.1989), and my memorandum and order of January 8, 1990 granting defendants Trucking Management, Inc. and Central Pennsylvania Motor Carriers Conference, Inc.'s Motion for Partial Summary Judgment on Counts VII, VIII and IX.

under ERISA is not enlightening. *Turner*, 770 F.2d at 46. Therefore, our courts have resorted to a case-by-case analysis of ERISA allegations to determine when a litigant is entitled to a jury trial.

At a pretrial conference held on September 12, 1989, the parties agreed that only Counts VIII, IX and X remain against the Fund defendants and their Trustees.[3] Count VIII of the second amended complaint alleges that the Funds' Trustees violated their fiduciary duties by "refusing to insure an equitable distribution of [the trustee] designation power ... or ... provide plaintiffs with a list of contributing employers...." Count IX alleges that the Funds' Trustees engaged in a conspiracy to violate their fiduciary duties established under ERISA by succumbing to the influence of Trucking Management, Inc. ("TMI") and Central Pennsylvania Motor Carriers Conference, Inc. ("Conference"). Finally, Count X asserts that the Funds' Trustees violated their fiduciary duties by ignoring the intent of the "original settlors" of the Trust Agreements by allowing the trustee appointment power to remain in the hands of TMI and the Conference.

Each of these counts seek relief based upon the Funds' Trustees' alleged breaches of their fiduciary duties. Section 409(a) of ERISA states, in part, that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... shall be personally liable...." Section 502(a) provides for a variety of means of civil enforcement of the statutory rights provided by ERISA. *Pane*, 868 F.2d at 636. Pertinent portions of section 502(a) provide that a civil action may be brought under any of the following circumstances:

(1) by a participant or beneficiary— ...
(B) to recover benefits due him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; ....

29 U.S.C. § 1132(a). The disposition of this motion rests upon a determination of what portion of section 502 plaintiffs rely for relief and whether the claims are equitable or legal in nature.[4]

Plaintiffs argue that their claims are being brought pursuant to section 502(a)(1)(B). In *Turner*, the Third Circuit stated that "only equitable relief is available under Section 502(a)(1)(B) of ERISA." *Turner*, 770 F.2d at 46–47. However, later the Third Circuit concluded that a party "may" be entitled to a jury trial, if his claim for relief under section 502(a)(1)(B) is legal in nature. *Cox*, 861 F.2d at 394. Subsequently, the Third Circuit stated that causes of action authorized under section 502(a)(1)(B) were not explicitly denominated as equitable. *See Pane*, 868 F.2d at 636. This, according to plaintiff, supports the conclusion that they are entitled to a jury trial in this case, if their claims are legal in nature. The Fund defendants and their Trustees argue that plaintiffs' claims do not arise under section 502(a)(1)(B).

Section 502(a)(1)(B) applies only to suits to recover benefits due under the terms of a plan or enforce rights provided by a plan. It is clear from the language of the remain-

---

**3.** Plaintiffs' opposition to this motion also refers to Count VII of the second amended complaint. However, because my memorandum and order of January 8, 1990 eliminates any claims which might have remained under Count VII, this count will not be discussed herein.

**4.** The analysis of the right to a jury trial under section 502(a)(3) presents little difficulty given the language of this section. In *Cox*, the Third Circuit concluded that claims under section 502(a)(3) were, by definition, equitable in nature, and that actions brought pursuant to this section cannot be tried before a jury. *Cox*, 861 F.2d at 393–94; *see also Pane*, 868 F.2d at 636. Therefore, to the extent that relief is sought under section 502(a)(3), it is clear that plaintiffs are not entitled to a jury trial.

ing three counts of the second amended complaint that plaintiffs are not seeking relief under section 502(a)(1)(B). Therefore, plaintiffs' reliance upon section 502(a)(1)(B) is misplaced. Instead, plaintiffs' remaining claims fall within the purview of section 502(a)(2).[5]

Unlike the previously discussed provisions of section 502(a), section 502(a)(2) has received little attention from our courts. This section allows certain parties to bring an action for appropriate relief under section 409, 29 U.S.C. § 1109, of ERISA. As previously mentioned, section 409 states that a fiduciary may be held personally liable for losses resulting from breaches of his or her fiduciary duty. Plaintiffs' remaining claims assert causes of action under section 409 and, therefore, section 502(a)(2) controls.

"Section 502(a)(2) simply refers to 'appropriate relief under section 1109' [409], and there is no reason to attribute to Congress an intention, inconsistent with the rest of section 502(a), to authorize legal rather than equitable relief." *Pane*, 868 F.2d at 637. Whether a claim should be characterized as legal or equitable does not rest upon the mere characterization of the remedy in money damages. *See Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). When the entitlement to money damages turns upon a finding that a trustee has breached his or her fiduciary duty, the relief becomes an integral part of an equitable action. *See Kahnke v. Herter*, 579 F.Supp. 1523, 1527–28 (D.Minn.1984) ("The remedy seeking payment of funds into the plan for distribution to participants in the shares set by the plan is clearly an equitable remedy. Thus ... this action for breach of fiduciary duty [under sections 409 and 502(a)(2) of ERISA] is also termed equitable."); *cf. Nedd v. United Mine Workers of America*, 556 F.2d 190, 207 (3d Cir.1977), *cert. denied*, 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757

(1978) ("the remedies of trust beneficiaries, against trustees or third parties, are equitable rather than legal."). Even assuming that plaintiffs have asserted claims for monetary damages in the remaining counts of the complaint, I conclude that the claims are equitable in nature and, therefore, no right to a jury trial exists in this case.[6]

In this case, the only monetary relief awarded, if the individual plaintiff employees were successful on the merits, would be payable to the defendant Funds ancillary to a finding that the Funds' Trustees breached their fiduciary duties. *See* 29 U.S.C. § 1109. Moreover, if a breach of fiduciary duty is found in the Trustee defendants' failure to ensure equitable distribution of the trustee representation as set forth in Counts VIII, IX and X, then the overall effect would be to require a restructuring of the manner in which trustees are designated. In fact, Count X requests that "the Court ... exercise its authority pursuant to ERISA ... to modify the administrative terms of the Funds to provide for a more equitable distribution of [the] Employer Trustee designation power." *See* Second Amended Complaint, p. 45, ¶ 130. In addition, plaintiffs seek other forms of equitable relief which include the removal of the Trustee defendants as well as the appointment of interim Trustees. This supports the conclusion that plaintiffs' remaining claims are equitable in nature.

Therefore, Defendant Funds and their Trustees' Motion to Strike Plaintiffs' Jury Demand shall be granted. An order memorializing this decision was signed on December 29, 1989.

---

**5.** Even if plaintiffs correctly argue that section 502(a)(1)(B) applies to this case, they are not entitled to a jury trial because, as explained below, their remaining claims are equitable in nature.

**6.** Plaintiffs inasmuch as conceded this point in their brief before the Third Circuit. *See* Defendant TMI and Conference's Motion for Summary Judgment, Exhibit F, p. 12 n. 11. (Plaintiffs' Response to Motion to Quash Plaintiffs' Appeal filed with the Third Circuit on June 9, 1989).